13898

GARDNER v. KIRVEN *ET AL.*
BLACKMON v. KIRVEN
(175 S. E., 637)

*Messrs. Samuel Want* and *Melvin Hyman,* for appellant,

*Messrs. L. M. Lawson* and *Robinson & Robinson,* for respondent,

August 3, 1934.

The opinion of the Court was delivered by Mr. W. C. Cothran, Acting Associate Justice.

In a civil action brought by Idella Blackmon, a minor, by her guardian *ad litem* against John K. Kirven, the jury rendered a verdict for the plaintiff, and judgment thereon was duly entered. Upon the judgment an execution was issued, and the sheriff, being unable to find any property of the defendant to satisfy the judgment, filed a *nulla bona* return. Kirven was thereupon brought before the Court to be examined in supplementary proceedings, and in this proceeding C. E. Gardner was regularly appointed receiver. The examination of Kirven evidently disclosed that he had conveyed certain property in a manner which would bear investigation, for the order appointing the receiver provided: "The said Receiver is authorized to take any and all necessary steps and proceedings, by litigation which he may deem necessary and proper for the purpose of recovering the title and possession of any property of the said John K. Kirven, including any property and assets of said John K. Kirven which may have been conveyed away by him unlawfully and/or in fraud of his creditors."

From this order there was no appeal.

Thereupon the receiver brought suit against John K. Kirven and his daughter, Emmie B. Kirven, alleging that, after the commencement of the suit of *Blackmon v. Kirven,* the defendant, John K. Kirven, conveyed and assigned to his daughter, Emmie B. Kirven, certain valuable real estate and certain bonds, mortgages, and choses in action with intent to hinder, delay, and defraud his creditors. A second cause of action in the complaint alleged the conveyance and assignment aforesaid to be a general assignment of all of Kirven's property in fraud of his creditors. The prayer was that the conveyance be set aside and that the receiver be put in possession of the property with power of sale, disposition of the proceeds, etc.

The defendant, Emmie B. Kirven, interposed a demurrer to this complaint upon the ground that it did not state facts sufficient to constitute a cause of action, in that:

"1. It does not appear from the said complaint that the plaintiff has any interest in the controversy, or such interest therein as entitles him to maintain this action.

"2. The complaint does not state facts sufficient to show the right and power of the plaintiff to maintain this action.

"3. The complaint does not show that as far as the rights of this defendant are concerned, the conveyance described in the complaint was fraudulent, or otherwise in violation of the statute upon which the complaint is based"

The Circuit Judge overruled the demurrer, and the defendant, Emmie B. Kirven, has appealed, alleging error in such refusal.

As is stated by the Circuit Judge and by counsel connected with this cause, the question here involved is an undecided one in this State. The appellant insists in a most ingenious argument that Section 751 of the Code is the only foundation upon which the receiver's appointment can rest, and that all receivers thereunder must be appointed to take charge "of the property of the judgment debtor"; that the property has been conveyed to the appellant, and is no more the property of the judgment debtor; hence the receiver has no power to take charge of it. This argument might be logical and sound if the only duty of the receiver was to take charge of such property as belonged to, or stood in the name of, the judgment debtor. But the duty of the receiver is, under Section 584 of the Code, "(2) after judgment, to carry the judgment into effect," and, under the order of the Judge, to recover by litigation the title and possession of the property. This action is to make effective the judgment by litigation, and, if the allegations of the complaint be true, and they are taken to be for the purposes of the demurrer, then, insofar as the receiver is concerned, as the arm of the

Court and as the representative of the creditors, the conveyance is as though it had never been made

In the absence of any direct ruling on the question ■ in this State, we may adopt the rule as stated in 27 C. J., 478, § 126, as being both reasonable and fair: "Under statutes providing for the appointment of a receiver in proceedings supplementary to execution, the general rule is that such receiver is not the mere agent or representative of the debtor, but occupies the relation of a trustee for the creditors, and may institute actions in his own name to set aside fraudulent conveyances made by the debtor with a view to defeating his creditors."

The judgment is affirmed. The appellant is, however, afforded the opportunity of answering the complaint if she be so advised, and is hereby given twenty days from the filing of the remittitur herein in the office of the clerk of the Court for Darlington County to serve her answer.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.